1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 NANCY ANDERSON,                          Case No.  20-cv-03647-TSH

8            Plaintiff,

9      v.                                  **DISCOVERY ORDER**

10 CONTRA COSTA COUNTY, et al.,            Re: Dkt. No. 38

11            Defendants.

12

13        On September 21, 2021, Defendants filed a discovery letter brief.  ECF No. 38.  They

14 stated that on June 9, 2021, they served interrogatories ("rogs"), requests for production ("RFPs")

15 and requests for admission ("RFAs") on Plaintiff, and did not receive responses within 30 days of

16 service.  Defendants stated that after repeated follow-up with Plaintiff's counsel, they were still

17 unable to obtain discovery responses.  Defendants also stated that Plaintiff had never served her

18 initial disclosures, which were due 14 days after the parties' Rule 26(f) conference.

19        Defendants requested several remedies.  They requested exclusion of evidence under Rule

20 37.  They asked for the payment of reasonable expenses such as attorneys' fees, as well as other

21 appropriate sanctions under Rule 37.  They requested an order compelling responses to

22 Defendants' rogs and RFPs.  And they stated that their RFAs are deemed admitted under Rule

23 36(a)(3), which states that "[a] matter is deemed admitted unless, within 30 days after being

24 served, the party to whom the request is directed serves on the requesting party a written answer or

25 objection addressed to the matter and signed by the party or its attorney."

26        The Court ordered Defendants to file the discovery requests at issue so that the Court could

27 see what they asked for.  Defendants did that at ECF No. 40.  The Court ordered Plaintiff to file a

28 response by September 27, 2021.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff's response states that Defendants did not file a motion to compel and that Plaintiff

2    was never given an opportunity to respond to one.  ECF No. 41.  Plaintiff's counsel stated that in

3    his experience judges in this District require a joint discovery letter brief to be filed before either

4    side is given permission to file a motion to compel.  Plaintiff also stated that she has now

5    submitted completed discovery responses to Defendants.  Therefore, she argues, Defendants are

6    not entitled to any discovery relief.  There are four attachments to Plaintiff's letter brief.  Exhibit 1

7    is her responses to the rogs, dated September 17, 2021.  Exhibit 2 is her September 17, 2021

8    responses to the RFPs.  Exhibit 3 is her September 17, 2021 responses to the RFAs.  She admits

9    RFAs 9 and 10 but denies the rest.  And Exhibit 4 is Plaintiff's verification of the responses to the

10   rogs and RFAs.

11   The Court held a hearing on this motion on October 5, 2021.

12   As an initial matter, Plaintiff's counsel is incorrect about what a joint discovery letter brief

13   is.  It is a substitute for a motion to compel, not a prelude to one.  The purpose of the letter brief

14   format is to provide a faster and more convenient way to resolve discovery disputes than full

15   blown briefing under Civil Local Rule 7.

16   With respect to the RFPs and rogs, Defendants are correct that Plaintiff's responses are

17   untimely.  However, Exhibits 1 and 2 to Plaintiff's response contain objection-free responses to

18   the RFPs and rogs, so the Court does not see that any further discovery remedy is warranted.

19   With respect to the RFAs, Plaintiff did not respond to Defendants' argument, which is

20   based on the plain language of Rule 36, that the failure to respond within 30 days acted as an

21   admission for all the RFAs.  It looks to the Court that the admission is automatic under Rule

22   36(a)(3) in the absence of a timely objection or response.  Accordingly, all 17 RFAs are admitted.

23   Rule 36(b) states that "[a] matter admitted under this rule is conclusively established unless

24   the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e),

25   the court may permit withdrawal or amendment if it would promote the presentation of the merits

26   of the action and if the court is not persuaded that it would prejudice the requesting party in

27   maintaining or defending the action on the merits."  Based on the language of this rule, it looks

28   like the burden is on the party seeking to withdraw or amend the admission to file such a motion.

1   Accordingly, if Plaintiff wants to withdraw or amend any of these admissions to Defendants'

2   RFAs, she must file a motion asking for that relief.

3          Plaintiff said nothing in her written response about her initial disclosures.  At the hearing

4   Plaintiff's counsel said he thought they had been served but did not seem sure, and Defendants'

5   counsel stated that he did not receive them.  The Court orders Plaintiff to serve her initial

6   disclosures within seven days by email and U.S. mail.  As stated at the hearing, the Court

7   encourages the parties to enter into a stipulation agreeing to accept service of papers by email

8   going forward.

9          Finally, with respect to Defendants' request for sanctions under Rule 37, Civil Local Rule

10  7-8 requires that such a motion be separately filed and comply with Civil Local Rule 7-2.  In other

11  words, it can't be combined with other things such as a motion to compel, and it can't be filed as a

12  letter brief.  Accordingly, the Court denies Defendants' request for sanctions without prejudice.

13         **IT IS SO ORDERED.**

14

15  Dated: October 5, 2021

16

17  THOMAS S. HIXSON
    United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California